08-1050-ag
Cheng v. Holder

BIA
A077 653 238

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand nine.

PRESENT:
> ROGER J. MINER,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges*.

———————————————————————————

LIAO LIN CHENG,
> *Petitioner*,

v.                                          08-1050-ag
                                            NAC

ERIC H. HOLDER, JR.,[1]
> *Respondent*.

———————————————————————————

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

**FOR PETITIONER:** Liao Lin Cheng, *Pro Se*.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Dalin R. Holyoak, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Liao Lin Cheng, a native and citizen of the People's Republic of China, seeks review of the February 13, 2008 order of the BIA denying his motion to reopen. *In re Liao Lin Cheng*, No. A077 653 238 (B.I.A. Feb. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien seeking to reopen proceedings must file her motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time limit for filing a motion to

2

reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Nonetheless, the agency may deny a motion to reopen, regardless of any alleged change in circumstances, if it does not establish the alien's *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

In making his adverse credibility determination in the underlying merits proceeding, the IJ relied on the absence of corroboration regarding the existence of Cheng's son, who he asserted was born in China in October 1994. Cheng has never challenged the agency's credibility determination. Thus, at the agency level, that determination became the law of the case. *See Matter of S-Y-G*, 24 I. & N. Dec. 247, 250 (BIA 2007) ("We note that because the applicant did not seek judicial review of our 1997 order, the Immigration Judge's adverse credibility determination remains the law of the case."). In his motion to reopen, Cheng made no mention of his supposed first child, referring only to a child born in the United States in 2006. In turn, the BIA found that because Cheng based his motion only on the birth of a single

3

child, the "limited issue" presented was whether that birth "would be viewed as a violation of the birth control limits in his locality." In *Jian Hui Shao v. Mukasey*, this Court found no error in the evidentiary framework the BIA had adopted in analyzing claims, like Cheng's, based on a fear arising from the birth of more children than the Chinese family planning policy would allow. 546 F.3d 138, 143 (2d Cir. 2008). Under that framework, the alien must: (1) identify the government policy implicated by the births at issue, (2) establish that government officials would view the births as a violation of the policy, and (3) demonstrate a reasonable possibility that government officials would enforce the policy against petitioner through means constituting persecution. *Id.* Cheng's claim fails at each prong because the evidence he presented concerned the government's treatment of citizens with *more* than one child. Thus, to the extent Cheng based his motion to reopen on an alleged fear based on a single child, as the BIA found, he did not establish his *prima facie* eligibility for relief. *See Matter of J-H-S-*, 24 I. & N. Dec. 196, 199 (BIA 2007) (requiring that in order to succeed on a family planning claim, an individual must initially establish "through credible testimony or otherwise, that he [] fathered [] more than one child, in violation of that policy").

4

Cheng argues before this Court that he has two children in violation of the policy. That argument is unexhausted because he failed to raise it before the BIA. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001) (explaining that where the alien files a timely petition from the denial of a motion, but not from the underlying affirmance of the removal order, the Court may review only the denial of the motion).

Accordingly, the BIA did not abuse its discretion in denying Cheng's untimely motion to reopen. *See Kaur*, 413 F.3d at 233; 8 C.F.R. § 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5